# United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 09-B-49747 |
|---|---|---|---|
| **DATE** | July 15, 2010 | **ADVERSARY NO.** | 10-A-00398 |
| **CASE TITLE** | Sean Michael Gilman and Tanya Dawn Gilman, Debtors<br><br>Clauss Brothers, Inc., Plaintiff<br>v.<br><br>Sean Michael Gilman and Tanya Dawn Gilman, Defendants. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Debtors' motion to dismiss is granted; provided, the Plaintiff is granted leave to file an amended adversary complaint, if it desires, on or before August 13, 2010.

■[ For further details see text below.]

### Standard for 12(b)(6) Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) (as made applicable under Fed. R. Bankr. P. 7012) tests the sufficiency of the complaint, rather than the merits of the case. Dixon v. Am. Cmty. Bank & Trust (In re Gluth Bros. Constr., Inc.), 424 B.R. 379, 389 (Bankr. N.D. Ill. Nov. 25, 2009) (citing Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)). Under Rule 12(b)(6), a court must take as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995); In re Gluth Bros., 424 B.R. at 388.

The Debtors argue that the Plaintiff's Adversary Complaint does not adequately plead the claims for relief, and should therefore be dismissed under Rule 12(b)(6). Under Rule 8(a), a pleading for a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The "Rule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).[1] The focus of the Rule is to "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." Brooks, 578 F.3d at 581 (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). While this does not require "detailed factual allegations," a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The plausibility standard is not a "probability standard," but it is higher than mere possibility, so the well-pleaded facts cannot be "merely consistent with a defendant's liability," but must demonstrate a plausible "entitlement to relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556-57). As the Seventh Circuit Court of Appeals has stated, "courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." Brooks, 578 F.3d at 581.

The Plaintiff brings two counts, under Section 523(a)(4) and 523(a)(6), arguing that the state court judgment it received against the Debtors should be declared non-dischargeable. The issue of nondischargeability is a matter of federal law, governed by the terms of the Bankruptcy Code, and within the exclusive jurisdiction of the bankruptcy courts. Grogan v. Garner, 498 U.S. 278, 284 (1991); Brown v. Felsen, 442 U.S. 127, 138-39 (1979). Brown v. Felsen, 442 U.S. 127, 136-39 (1979). While a bankruptcy court can properly give collateral estoppel effect to those elements of a claim that are identical to the elements required for discharge, the state court judgment at issue here was for unjust enrichment.[2]

### Section 523(a)(4)

Under Section 523(a)(4), "(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt- . . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C.A. § 523(a)(4) (West 2009). "Embezzlement" is the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." In re Weber, 892 F.2d 534, 538-39 (7th Cir.1989) (quoting Moore v. United States, 160 U.S. 268, 269, 16 S.Ct. 294, 295 (1895)). To prove embezzlement, the creditor must demonstrate that (1) the debtor appropriated funds for his or her own benefit; and (2) the debtor did so with fraudulent intent or deceit. Id.

---

[1] The Court's ruling today is based on the standard of pleading set forth in Rule 8. The Court notes, however, that to the extent the Complaint, or any amended complaint, contains 'averments of fraud' or asserts claims that 'sound in fraud,' the higher standard set forth in Rule 9(b) may apply. See, e.g., Stage West Express, Inc. v. Bermele (In re Bermele), No. 07-A-1290, 2008 WL 938379, at *3 (Bankr. N.D. Ill. Apr. 3, 2008) (Schmetterer, J.).

[2] "To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience." Martins v. Pekin Memorial Hospital, Inc., 395 Ill. App. 3d 943, 952, 917 N.E.2d 598, 606 (Ill. App. Ct. 2009).

Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner. Delic v. Brown (In re Brown), 08-A-00936, 2009 WL 2461241, at *6 (Bankr. N.D. Ill. Aug. 11, 2009) (citing In re Rose, 934 F.2d 901, 903 (7th Cir.1991)).

The complaint alleges that Mr. Gilman's mother embezzled funds from the Plaintiff, that the Debtors made significant purchases on a credit card that they shared with the mother, and that the mother paid the balance on the credit card at least in part with the funds she had embezzled. The main problem is that the Complaint does not allege any connection between the Debtors and the acts of Mr. Gilman's mother, other than that they benefited by having credit card debts they incurred paid off. The Plaintiff does not allege that the Debtors were even aware of any acts of the mother or that they were even aware that the credit card balance had been paid off. The Plaintiff has not alleged that Mr. Gilman's mother was acting on the Debtors' behalf or that the Debtors participated in her actions. The Plaintiff alleges broadly that the Debtors "wrongfully took the financial assets of PLAINTIFF," but such a sketchy or formulaic statement is not sufficient under federal pleading standards. Moreover, the facts that are alleged support the opposite conclusion, that it was the mother who took all of the 'financial assets.' The Plaintiff offers no reason why the mother's actions should be imputed to the Debtors, and has not alleged that they took any independent action that would constitute fraud, defalcation, embezzlement or larceny. For example, the Plaintiff has not stated a claim for fraud or defalcation because it has not alleged that the Debtors had any fiduciary relationship with the Plaintiff. The Plaintiff has not stated a claim for embezzlement because it has not alleged that the Debtors were entrusted or lawfully received property of the Plaintiff, or that they had sufficient knowledge of its source to have acted fraudulently in appropriating it. The Plaintiff has not stated a claim for larceny because it has not alleged that the Debtors took property from the Plaintiff, other than the overgeneral and formulaic statement referred to above.

### Section 523(a)(6)

Section 523(a)(6) provides that: "(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt- . . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6). To determine the nondischargeability of a debt under section 523(a)(6), a creditor must prove three elements by a preponderance of the evidence: (1) the debtor intended to and caused an injury to the creditor's property interest; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious. Mut. Mgmt. Servs., Inc. v. Fairgrieves (In re Fairgrieves), 426 B.R. 748, 756 (Bankr. N.D. Ill. Jan. 25, 2010). As noted above, the Plaintiff fails to allege that the Debtors took or participated in any direct actions against the Plaintiff's property. The Plaintiff alleges that the Debtors harmed the Plaintiff's interest in the embezzled funds or proceeds thereof by further distributing the proceeds of the funds through their credit card purchases. However, the Plaintiff does not allege that the Debtors intended to cause harm to the Plaintiff or that they knew that injury was substantially certain to result from their acts. The Plaintiff does not allege that the Debtors knew that Mr. Gilman's mother would repay the credit card charges when they made them, nor does the Plaintiff allege that they knew his mother would use embezzled funds to repay the charges. As such, the Plaintiff has failed to state a claim under Section 523(a)(6).

**<u>Conclusion</u>**

For the foregoing reasons, the Court will GRANT the Debtors' motion to dismiss each of the counts of the Adversary Complaint. However, the Court will grant leave for the Plaintiff to file an amended adversary complaint, if it desires, on or before August 13, 2010, consistent with this opinion.

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

July 15, 2010

Judge Manuel Barbosa